UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | DOCKET NO: 23-CR-10076-NMG |
| | ) | |
| C'SEAN SKERRITT | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, C'sean Skerritt, is a loving father to both his biological and step-children, who has faced significant personal challenges, beginning as a young child. Mr. Skerritt submits this sentencing memorandum to urge this Court to impose a sentence that acknowledges his personal history, the seriousness of the offense, and the purposes of sentencing. The Defendant asks the Court to impose a sentence of 60 months. Such a sentence is sufficient, but not greater than necessary, to effectuate the purposes of sentencing set forth in 18 U.S.C. § 3553(a).[1]

I. HISTORY AND CHARACTERISTICS OF MR. SKERRITT

   a. *Childhood and Upbringing*

Mr. Skerritt grew up in Boston and has only ever lived in Massachusetts. He is fortunate to count his mother, fiancée and sister as anchors of his personal support system. Mr. Skerritt's childhood was marred by significant abuse at the hands of his father. This domestic violence continued regularly until Mr. Skerritt was 16 years old. As he has aged, he has worked very hard to change his relationship with his father into a positive one. He began this journey by writing to his father during a previous term of incarceration, his father wrote him back and the two

---

[1] *See United States v. Kimbrough*, 128 S.Ct. 558 (2007); *United States v. Booker*, 125 S.Ct. 738 (2005); *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008); *United States v. Rodriguez*, 527 F.3d 221 (1st Cir. 2008).

developed a better, but still distanced, relationship. Mr. Skerritt and his mother are incredibly close and Mr. Skerritt enjoys the emotional and physical support of his mother, sister, and various other family members.

Mr. Skerritt and his fiancée Ms. Tatiana Jacques have had a stable and healthy relationship for many years. He has shared in the co-parenting of her two older children from a previous relationship and at the time of this arrest, the couple were expecting their first child. As a result of this arrest, Mr. Skerritt missed the birth of his only child. He has remained dedicated to breaking the cycles of violence he experienced as a child and is a loving father to his children.

    b. *Education and Employment*

Mr. Skerritt's education was frequently interrupted by difficulties in his home life and commitments to DYS. PSR ¶¶ 28, 29, 30. He did attend the Excel High School in South Boston until the 8th grade and eventually got his GED at the Plymouth County Correctional Facility during a DYS commitment.

    II.    THE SENTENCING GUIDELINES

The Pre-Sentence Report (PSR) provides the Court with guideline range of 60-71 months. This is consistent with the party's plea agreement, with a base offense level of 24, pursuant to U.S.S.G. § 2D1.1(a)(5) and (c)(8). Pursuant to U.S.S.G. § 3E1.1(a) and (b), the probation department reduced the base offense level by 3 points for acceptance of responsibility. A total offense level of 21 and a Criminal History Score of 9, Category IV, yields the range of 60-71 months. Mr. Skerritt has no objection to these calculations.

Mr. Skerritt notes that the indictment charges only the drug transaction on February 1, 2023. The other drug sales described in the spreadsheet at ¶ 11 of the PSR are included as

relevant conduct. U.S.S.G. § 1.B1.3. Standing alone, the base offense level for the drug sale of the indictment would yield the same base offense level.

### III.     A JUST SENTENCE

Pursuant to 18 U.S.C. §3553(a)(2), a court must consider the need for the sentence imposed to (A) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) afford adequate deterrence to criminal conduct; (C) protect the public from further crimes of the defendant; and (D) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Put simply, these four purposes of sentencing are punishment, deterrence, incapacitation, and rehabilitation. While considering these goals, the Court must "make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007); *see also Kimbrough*, 552 U.S. at 101. In *Rodriguez*, the First Circuit stressed that the Supreme Court ruling in *Kimbrough* requires a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." 527 F.3d at 228. In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *Id.* A sentence of 60 months, followed by a 4-year term of supervised release, is sufficient to fulfill these goals.

Mr. Skerritt's arrest, prosecution, and conviction for these crimes is enough to deter him from ever contemplating breaking the law moving forward. The time he has already spent in

custody for the present charges has had a profound impact on him, as it has included missing the birth of his only biological child. He has never held his now 2-year-old child.

As a matter of general deterrence, a sentence of 60 months demonstrates that the conduct for which he was convicted carries significant, life-changing consequences, including a lengthy period of incarceration, for his only drug conviction. A longer prison sentence is not required to promote general deterrence. In fact, research confirms that more powerful than the length of a term of imprisonment is the certainty of being caught. *See* United States Department of Justice, Office of Justice Programs, National Institute of Justice, *Five Things About Deterrence* 2 (May 2016), *available at* https://www.ojp.gov/pdffiles1/nij/247350.pdf (last accessed Mar. 14, 2025) ("Research underscores the more significant role that *certainty* plays in deterrence than severity – it is the certainty of being caught that deters a person from committing crime, not the fear of being punished or the severity of the punishment." (emphasis in original)).

Lastly, the Court must take into account the need for rehabilitative services in fashioning its sentence. Mr. Skerritt looks forward to opportunities in the Bureau of Prisons. He will be able to take advantage of job training and educational programming. Specifically, Mr. Skerritt hopes to look for employment upon his release in the truck driving industry. There are programs within the BOP that would allow Mr. Skerritt to take the courses necessary to obtain his CDL license.

## **CONCLUSION**

For these reasons, C'sean Skerritt asks that this court impose a sentence of 60-months, with 4 years of supervised release to follow.

CSEAN SKERRITT
By his attorney,

*/s/ Jessica P. Thrall*
Jessica P. Thrall, BBO #670412
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA  02210
Tel: 617-223-8061

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 18, 2025.

                                                 */s/ Jessica P. Thrall*
                                                 Jessica P. Thrall